UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHAMBERLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>BNSF RAILWAY COMPANY,<br><br>    Defendant. | Case No. 22-cv-00005-RS<br><br>**ORDER DENYING MOTION TO DISMISS** |

       Plaintiff John Chamberlin is a locomotive engineer employed by defendant BNSF Railway Company. In 2017, Chamberlin filed a complaint with the Occupational Safety and Health Administration ("OSHA") alleging BNSF violated the Federal Railroad Safety Act, 49 U.S.C. §§ 20109 *et seq*. ("FRSA"), by disciplining him in retaliation for reporting a safety issue. Under the FRSA, an employee has a right to "kick out" his or her claims to federal court if the Secretary of Labor "has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee." 49 U.S.C. § 20109(d)(3).

       Chamberlin's right to bring this suit accrued in February of 2018, as there had been no decision on his OSHA complaint at that point. In October of 2020, OSHA issued a preliminary decision in Chamberlin's favor. BNSF objected to the order and requested a de novo review hearing before an Administrative Law Judge.

       The parties thereafter conducted discovery. Chamberlin, who had been proceeding without counsel, obtained an attorney in February of 2021. On Chamberlin's motion, trial before the ALJ,

which had been set for the summer of 2021, was continued to February of 2022. According to Chamberlin, he first learned of his "kick out" right in late 2021, during conversations with his attorney. He filed this action on January 3, 2022.[1]

BNSF moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(6), contending that Chamberlin waived his "kick out" right and/or that the complaint is barred by laches. A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Id.* at 1242 (internal quotation marks and citation omitted). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017).[2]

As an initial matter, BNSF has presented no controlling or clear authority that the statutory "kick out" right is subject to waiver. Even assuming it is, and/or that laches can apply in some instances, however, waiver and laches are both defenses, and are both generally fact-intensive and ill-suited for resolution at the pleading stage. Dismissal under Rule 12(b)(6) is inappropriate, and the motion is denied.

---

[1] It is unclear that the filing of this action will have served the statutory purpose of allowing employees to avoid undue delay in administrative proceedings. Trial before the ALJ was scheduled to have commenced last month. While discovery from the administrative proceeding may be available for use here, thereby speeding up the litigation to some degree, it likely will be quite some time before trial in this forum.

[2] Chamberlin asserts motions to dismiss are disfavored and rarely granted—a proposition that is no longer viable. The authority Chamberlin cites predates both *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and many other cases applying a more rigorous standard. Nevertheless, dismissal is not warranted here.

United States District Court
Northern District of California

**IT IS SO ORDERED**.

Dated: March 10, 2022

_____
RICHARD SEEBORG
Chief United States District Judge